

# KEN PAXTON
## ATTORNEY GENERAL OF TEXAS

August 8, 2017

Mr. Brandon S. Wood
Executive Director
Texas Commission on Jail Standards
Post Office Box 12985
Austin, Texas 78711

Opinion No. KP-0159

Re: Whether certain expenditures of commissary proceeds violate section 351.0415 of the Local Government Code (RQ-0149-KP)

Dear Mr. Wood:

You ask whether specific expenditures of commissary proceeds by a county sheriff violate section 351.0415 of the Local Government Code.[1] Specifically, you ask whether a sheriff can use commissary proceeds to provide compensation and "purchase equipment for a deputy not assigned to the jail" or to "recruit and fund the salary of a jail employee not part of an inmate program." Request Letter at 1. The propriety of a particular expenditure from a commissary account is a question of fact that we cannot answer in an attorney general opinion, but we can provide general advice on the sheriff's authority. *See* Tex. Att'y Gen. Op. Nos. GA-1094 (2014) at 2 n.4, GA-0446 (2006) at 18 ("Questions of fact are not appropriate to the opinion process.").

Section 351.0415 of the Local Government Code authorizes a county sheriff to operate "a commissary for the use of the inmates committed to the county jail." TEX. LOC. GOV'T CODE § 351.0415(a) (requiring also that a commissary be operated under the rules of the Commission on Jail Standards), 37 TEX. ADMIN. CODE §§ 251.1–301.2 (Tex. Commission on Jail Standards, Part 9). Section 351.0415 gives the sheriff exclusive control over the commissary funds but limits the sheriff's authority to spend commissary proceeds to five categories of expenditures. *See* TEX. LOC. GOV'T CODE § 351.0415(b)(1), (c)(1)–(5). Of those five categories, we understand your primary concern involves the scope of subsection 351.0415(c)(5). *See* Request Letter at 1–2. Subsection 351.0415(c)(5) authorizes an expenditure of commissary proceeds for "physical plant improvements, technology, equipment, programs, services, and activities that provide for the well-being, health, safety, and security of the inmates and the facility." TEX. LOC. GOV'T CODE § 351.0415(c)(5). You tell us that one county interprets this provision to allow for the compensation and purchase of equipment for a deputy not assigned to the jail. Request Letter at 2. You explain that the "sheriff's reasoning [is] that the deputy could be called upon in an

---

[1]*See* Letter from Brandon S. Wood, Exec. Dir., Tex. Comm'n on Jail Standards, to Honorable Ken Paxton, Tex. Att'y Gen. (Feb. 13, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

emergency, such as a riot, to assist in securing the jail." *Id.* You tell us further that some sheriffs use commissary proceeds "for staff recruitment or training development." *Id.*

The types of expenditures about which you ask involve equipment and personnel that you suggest may not be directly associated with the jail. *See id.* at 2. As this office consistently recognizes, the sheriff's "exclusive control of the commissary funds" authorizes the sheriff to determine whether an expenditure falls within subsection 351.0415(c). TEX. LOC. GOV'T CODE § 351.0415(b)(1); *see* Tex. Att'y Gen. Op. Nos. GA-1094 (2014) at 2, GA-0901 (2011) at 2. The sheriff's discretion, however, is not without limitation. The Legislature expressly provided that a sheriff may not use commissary funds "to fund the budgetary operating expenses of a county jail." TEX. LOC. GOV'T CODE § 351.0415(g). Moreover, the sheriff must generally spend commissary funds to "benefit inmates of the county jail." Tex. Att'y Gen. Op. Nos. GA-0901 (2011) at 2, GA-0791 (2010) at 2. Thus, under subsection 351.0415(c)(5) the sheriff may use the commissary funds for "physical plant improvements, technology, equipment, programs, services, and activities that provide for the well-being, health, safety, and security of the inmates and the facility," provided that the expenditures do not fund the budgetary operating expenses of a county jail, and they generally benefit the inmates of the county jail. TEX. LOC. GOV'T CODE § 351.0415(c)(5). One Texas court of appeals, considering the nature of a sheriff's control over commissary funds, noted the limited nature of section 351.0415: "[C]ommissary proceeds are subject to county oversight and may be spent only for limited purposes associated with the county jail operation." *Mills v. State*, 941 S.W.2d 204, 208 (Tex. App.—Corpus Christi 1996, pet. ref'd).[2]

You do not provide many facts with respect to the job functions of the deputy not assigned to the jail or the nature of the equipment purchased for use by that deputy, but the fact that the deputy is not assigned to the jail suggests his or her function may not be associated with the county jail operation within the scope of section 351.0415. Further, we question whether the possibility of the deputy responding to an inmate riot is a circumstance too remote to be reasonably considered an expenditure for a program, service, or activity that "provide[s] for the well-being, health, safety and security of the inmates and the facility" in satisfaction of subsection 351.0415(c)(5). TEX. LOC. GOV'T CODE § 351.0415(c)(5). Likewise, with regard to using commissary proceeds for staff recruitment or training and development, more factual information is needed to reach a conclusion about the propriety of the expenditure. However, spending the funds on general recruitment, training, and development, and not specifically for the staffing of programs or services that provide for the "well-being, health, safety, and security of the inmates and the facility," would fall outside the scope of subsection 351.0415(c)(5). While the sheriff must determine the appropriateness of these expenditures in the first instance, the sheriff's determination is subject to judicial review under an abuse of discretion standard, as well as administrative review by the Commission on Jail Standards. *See* Tex. Att'y Gen. Op. Nos. GA-0901 (2011) at 3 (recognizing the actions of a sheriff are subject to judicial review under an abuse of discretion standard), JC-0214 (2000) at 6 (same), JM-1199 (1990) at 2–3 (same); *see also* TEX. GOV'T CODE § 511.011 ("If the commission finds that a county jail does not comply with state law . . . or the rules, standards, or procedures of the commission, it shall report the noncompliance to the county commissioners and sheriff of the

---

[2]Upon review of the *Mills v. State* decision, the Texas Supreme Court determined that the judgment and the legal principles announced in the opinion of the court of appeals were correct. Thus, "[t]he court of appeals' opinion in the case has the same precedential value as an opinion of the Supreme Court." TEX. R. APP. P. 56.1(c).

county responsible for the county jail and shall send a copy . . . to the governor."), 511.012(a) (giving sheriff a reasonable period up to one year "to comply with commission rules and procedures and state law"), 37 TEX. ADMIN. CODE § 291.3(5) (requiring that commissary proceeds be spent "in accordance with the Local Government Code § 351.0415").

## S U M M A R Y

Local Government Code section 351.0415 limits an expenditure of commissary proceeds to items or services that benefit inmates. Because of the sheriff's exclusive authority over commissary proceeds under section 351.0415, the propriety of an expenditure from those funds is a question for the sheriff to determine in the first instance subject to administrative review by the Commission on Jail Standards or judicial review for abuse of discretion.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee